**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CHAMAR KELLEY,<br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, [1]<br>　　　　Defendant. | )<br>)<br>)<br>)　　Case No. 3:24-cv-174 (OAW)<br>)<br>)<br>)<br>)<br>) |

**<u>INITIAL REVIEW ORDER</u>**

Self-represented Plaintiff Chamar Kelley, a pretrial detainee, has filed an Amended Complaint naming three defendants, Correctional Officers Brisco, Tyler, and McDonald, each of whom is alleged to work at the Walker building of the MacDougall-Walker Correctional Institution ("Walker").  Plaintiff alleges that Officer Tyler caused him to be assaulted by another inmate and that Officers Brisco and McDonald failed to protect him from harm.  He seeks damages from Defendants in their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity.  *See* 28 U.S.C. § 1915A(a).  Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who

---

[1] Plaintiff did not put a case caption on the Complaint or include a list of defendants.  Thus, the Clerk used the Warden as defendant when opening this case.  In the Amended Complaint, Plaintiff has identified his intended defendants.

is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the court orders as follows.

## I.    FACTUAL BACKGROUND

Without setting forth all of the facts alleged in Plaintiff's Amended Complaint, the court summarizes Plaintiff's basic factual allegations here to provide context necessary to the ruling.

The incidents underlying this action occurred at Walker while Plaintiff was housed in the Security Risk Group housing unit.  *See* Am. Compl. 2, ECF No. 13-1.  On November 17, 2021, Plaintiff was involved in a verbal altercation with Officer Tyler as Plaintiff was preparing to go to outside recreation.  *See id.*  Officer Tyler threatened Plaintiff, stating "I will get you f***ed up, watch who you talking to."  *See id.*  Officer Tyler then went to another cell where Plaintiff saw him "whisper and laugh."  *Id.*

Officer Tyler handcuffed Plaintiff behind his back when Plaintiff left his cell and placed Plaintiff in the phone cage to make a call.  *See id.*  Officer Tyler repeatedly asked Plaintiff if he was going outside for recreation.  *See id.*  Plaintiff said he would go outside after he finished his phone call.  *Id.*

After Plaintiff finished his call, Officer Tyler reapplied the restraints, but tighter than usual, and escorted Plaintiff to the recreation yard.  *See id.* at 2–3.  When the recreation yard door was secured, Plaintiff noticed that the inmate with whom Officer Tyler had been

speaking had both hands inside his sweatpants as he walked about the recreation yard. *See id.* at 3.  "Immediately," Plaintiff "sense[d] some form of threat."  *Id.*

Thereafter, while Officers Brisco and McDonald were talking with one another and not watching the prisoners in the recreation yard, the other inmate slipped out of two pairs of restraints: his handcuffs and a second pair of plastic flex cuffs.[2]  *See id.*  After freeing himself from his restraints, that other inmate[3] began attacking Plaintiff.  *See id.*  During the attack, Plaintiff was restrained with his hands behind his back and was unable to defend himself or shield himself from the blows.  *Id.*  At one point, the attacking inmate said, "from Tyler."  *Id.*  A "code blue" was called, and the attack stopped.  *Id.*

Plaintiff sustained multiple injuries including bruising to his left eye, a cut under his eye, and scrapes on his back and legs.  *See id.*

## II.   DISCUSSION

### A.  Plaintiff's Claims

Plaintiff brings a claim of deliberate indifference against Officers Tyler, Brisco, and McDonald.  He alleges that Officer Tyler engineered the attack against him, and that Officers Brisco and McDonald failed to protect him from harm.  As an unsentenced inmate, Plaintiff's claims are cognizable under the Fourteenth Amendment.  *See Darnell*

---

[2] Plaintiff alleges that the plastic flex cuffs are used on prisoners who "have a history [of] slipping out of their restraints."  Am. Compl. 3, ECF No. 13-1.

[3] Plaintiff further alleges that a second inmate aided in attacking him, but was unable to slip out of his restraints and therefore did not effectively inflict injury upon Plaintiff.  *See* Am. Compl. 3, ECF No. 13-1.

*v. Piniero*, 849 F.3d 17, 29 (2d Cir. 2017) (holding that pretrial detainees' "claims of unconstitutional conditions of confinement are [reviewed] under the Due Process Clause of the Fourteenth Amendment").

"A pretrial detainee may not be punished at all under the Fourteenth Amendment, . . . by deliberate indifference to conditions of confinement, or otherwise." *Id*. at 35. To state a deliberate indifference claim, Plaintiff first must allege facts showing that the challenged condition "pose[d] an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness." *Id*. at 30 (internal quotation marks and citations omitted). "[T]he conditions themselves must be evaluated in light of contemporary standards of decency." *Id*. (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)). This inquiry focuses on the "severity and duration" of the conditions, "not the detainee's resulting injury." *Id*. (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)). Plaintiff also must show that "the defendant-official acted intentionally to impose the alleged condition" or that they "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35.

The first part of the deliberate indifference test—nature of the challenged conditions—is reviewed under the same objective standard established by the Eighth Amendment. *See id.* at 29–30 (defining the same standard of "objective deprivation" under both the Eight and Fourteenth Amendments). A condition is objectively serious if it "pose[s] an unreasonable risk of serious damage to [a prisoner's] future health." *Phelps*

4

*v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2001) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). While a detainee's "serious injury is unequivocally not a necessary element" to establishing unreasonable conditions, this analysis must consider "both duration and the severity" through the "[detainee's] experience of being exposed to [the challenged] conditions." *Wiley*, 801 F.3d at 68.

Plaintiff alleges that he was restrained with his hands behind his back in the recreation yard with an inmate who had slipped out of his restraints, presumably with the assistance of Officer Tyler. *See* Am. Compl. 2, ECF No. 13-1. This situation clearly exposed Plaintiff to an unreasonable risk of physical harm, which occurred when that inmate (and yet another) attacked Plaintiff. In addition, the allegations that the inmate said that the attack was "from Tyler" and that Officer Tyler was seen talking to that same inmate shortly before recreation plausibly show intent on Officer Tyler's part. *See id.* Accordingly, the court finds that Plaintiff plausibly has stated a claim for deliberate indifference to safety against Officer Tyler.

Plaintiff alleges that Officers Brisco and McDonald were "too occupied" in speaking with one other to maintain safety in the recreational yard. *Id.* at 3. It is not clear from the alleged facts who called the code, how long the attack was carried out before the code was called, and whether Officers Brisco and McDonald could have intervened without additional assistance. However, based on the facts alleged, the court finds that it is possible that they may recklessly have failed to act with reasonable care to ensure that all inmates were properly restrained, or that they recklessly failed to intervene sooner. The claims against them will proceed for further development of the record.

### B.  **Plaintiff's Motion to Appoint Counsel**

Plaintiff has filed a motion for appointment of counsel with his Amended Complaint. See Mot. to Appoint Counsel, ECF No. 12.  He states that he will be unable to litigate this case because he suffers from multiple mental illnesses and a learning disability.  He also asserts that the Inmates' Legal Aid Program will not provide legal assistance because the Program attorney does not believe that Plaintiff has stated a prima facie case.

Civil litigants generally do not have a constitutional right to appointed counsel. "Volunteer lawyer time is a precious commodity ... available in only limited quantity," and so the court does not appoint *pro bono* counsel "indiscriminately."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174, 172 (2d Cir. 1989).  The United States Court of Appeals for the Second Circuit instructs courts to "first determine whether the indigent's position seems likely to be of substance" before considering appointing counsel in civil matters. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  As discovery has not yet been conducted, the court cannot determine, based only on the Amended Complaint, whether there is evidence to support Plaintiff's allegations.  For this reason, the court is unable to assess the "likely merits" of Plaintiff's claims at this time.  *Jones v. Wagner*, No. 3:20-cv-475, 2021 WL 1518378, at *4 (D. Conn. Apr. 16, 2021).

Additionally, a party proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 "must demonstrate that he is unable to obtain counsel" on his own "[b]efore an appointment is even considered."  *Molina v. Santiago*, No. 3:19-cv-1630(VAB), 2020 WL 1923600, at *8 (D. Conn. Apr. 21, 2020) (citing *Hodge*, 802 F.2d at 61; *see also Hoegemann v. Palma*, No. 3:16-cv-1460(VAB), 2017 WL 455930, at *12 (D. Conn. Feb.

2, 2017) (requiring the plaintiff to contact Inmate's Legal Aid Program in addition to the three attorneys he has contacted).  Plaintiff states that the Inmates' Legal Aid Program will not assist him, but he does not describe any other efforts he has made to obtain representation or legal assistance.

Plaintiff's motion for appointment of counsel is denied without prejudice, subject to renewal if, and when, Plaintiff develops evidence demonstrating the likely merit of his claims and can document his efforts to obtain counsel on his own.


III.    **ORDERS**

The case will proceed on the claims asserted in the Amended Complaint.

The court enters the following additional orders:

(1)     The Clerk of Court respectfully is asked to please verify the current work addresses for defendants Tyler, Brisco, and McDonald with the Department of Correction Office of Legal Affairs, and to please mail to each defendant (at such confirmed address) a waiver of service of process request packet containing the Amended Complaint and this Order within twenty-one (21) days of its issuance, and also to report to the court on the status of the waiver request on the thirty-fifth (35th) day after mailing.  If any Defendant fails to return the waiver request, the Clerk shall please arrange for in-person service on such defendant in his individual capacity by the United States Marshals Service, and such defendant shall be required to pay the cost of such service.

(2)     The Clerk shall please send to Plaintiff a copy of this Order.

7

(3)     Defendants shall file their responses to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date that the waiver of service forms are sent.  If any defendant chooses to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(5)     All summary judgment motions shall be filed within eight months (240 days) from the date of this Order.

(6)     Pursuant to Local Civil Rule 7(a), any nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date that such dispositive motion was filed.  If no response is filed, or if the response is not timely, the dispositive motion can be granted absent objection.

(7)     If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 of Civil Procedure provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Plaintiff also should notify Defendants or the attorney for Defendants of his new address.

8

(8)     Plaintiff shall utilize the Prisoner Electronic Filing Program ("the Program") when filing documents with the court.  Plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.  In addition, Plaintiff must serve copies of all documents by regular mail on any defendant who does not participate in electronic filing.

(9)     The Clerk immediately shall please enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall please send to Plaintiff a copy of the same.


SO ORDERED at Hartford, Connecticut, this 29th day of May, 2024.

                                    _____/s/_____
                                    Omar A. Williams
                                    United States District Judge

9